IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND CHRISTIAN FOSS,

     Petitioner,          No. 2:09-cv-3551-JAM-JFM (HC)

  vs.

MIKE MARTEL, *Warden*,

     Respondent.      <u>ORDER</u>

_____/

On March 12, 2010, petitioner filed a motion to defer briefing and a motion for clarification. On March 15, 2010, petitioner filed a motion to order respondent to expedite the answer. Finally, on March 19, 2010, petitioner filed a motion to "defer briefing re legal disputes."

In his March 12, 2010 and March 19, 2010 motions to defer briefing, petitioner construes respondent's February 26, 2010 motion for enlargement of time to the court's "briefing order" as evidence that respondent intends to file a "brief." Petitioner contends the court did not order "briefs on the law." The court directs plaintiff to the 1976 Advisory Committee Notes to Rule 5 of the Rules Governing Section 2254 Cases, which discuss the role of an answer in habeas proceedings:

/////

1

> The [answer] serves several important functions: it permits the court and the parties to uncover quickly the disputed issues; it may reveal to the petitioner's attorney grounds for release that the petitioner did not know; and it may demonstrate that the petitioner's claim is wholly without merit.

The answer is intended as a pleading that "respond[s] to the allegations of the petition." It is evident that these rules contemplate briefing on the substantive merits of the petition. Furthermore, because an answer can include briefing on the law related to the allegations raised in a petition, the court's order may appropriately be referred to as a "briefing order." For these reasons, petitioner's motions to defer briefing is denied.

On March 12, 2010, petitioner filed a motion for clarification. There, petitioner relies on language employed by the court in its January 15, 2010 order to argue that respondent may only file an answer, not a motion to dismiss, which petitioner believes respondent may file based on statements made in the latter's February 26, 2010 motion for enlargement of time. In that motion, respondent discussed the need for additional time to review petitioner's claims for exhaustion. Rule 5(b), however, discusses the matters to be addressed in an answer, which includes "whether any claim in the petition is barred by a failure to exhaust state remedies." Rules Governing Section 2254 Cases, Rule 5(b). Because exhaustion is an issue that must be addressed by the respondent in the answer, whether or not respondent files a motion to dismiss, the court hereby denies this motion as moot.

On March 15, 2010, petitioner also filed a motion to order respondent to expedite the answer. On April 6, 2010, the undersigned granted a second extension of time to respondent to file an answer. Based thereon, this motion is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's March 12, 2010 and March 19, 2010 motions to defer briefing are denied; and

/////

2. Petitioner's March 15, 2010 motion to order respondent to expedite the answer is denied.

DATED: April 8, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

/014.foss3551.mot