IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND CHRISTIAN FOSS,

    Petitioner,                      No. 2:09-cv-3551-JAM-JFM (HC)

    vs.

MIKE MARTEL, *Warden*,

    Respondent.                   <u>ORDER</u>

                              /

        On February 15, 2011, petitioner filed a motion pursuant to 28 U.S.C. § 2250 seeking an order directing "the clerk to furnish Petitioner with the 'relevant' documents Respondent has lodged with this Court . . . ." On February 23, 2011, plaintiff filed a motion for reconsideration of the undersigned's February 10, 2011 order denying plaintiff's request for an order to respondent to lodge the entire state court record and to serve a photocopy of the entire record on petitioner. On March 8, 2011, plaintiff filed a motion for 90-day extension of time to file a traverse after receipt of photocopies of lodged documents.

         In the petition pending before the court, petitioner presents eleven grounds for relief pursuant to 28 U.S.C. § 2254: (1) violation of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963); (2) false evidence; (3) vindictive prosecution; (4) Fourth Amendment violation; (5) improper exclusion of evidence; (6) erroneous admission of evidence; (7) ineffective assistance of counsel;

1

(8) prosecutorial misconduct; (9) denial of hearing and right to counsel on state petition for habeas corpus; (10) due process violation on direct appeal; and (11) cumulative error.

At issue here are two matters. First, is respondent required to lodge all transcripts in the underlying state action? Second, is petitioner entitled to a photocopy of all lodged documents at government expense?

A.   Lodgment of Entire State Court Record

In response to the first question, the court looks to Rule 5 of the Rules Governing Section 2254 Cases for guidance. Rule 5 provides that a respondent must submit with his or her answer the following: (1) a list of available transcripts of pretrial, trial, sentencing or post-conviction proceedings; a list of proceedings that were recorded but not transcribed; and portions of the transcripts that respondent considers relevant. See Rule 5(c). Respondent must also lodge briefs on appeal and opinions. See Rule 5(d). If, upon request by petitioner or upon examination of the pleadings and the lodgments filed by respondent, the court deems it necessary to review portions of transcripts not submitted, it may order that the respondent furnish them.

On February 10, 2011, the undersigned denied petitioner's motion for an order directing respondent to lodge the entire state court record. Petitioner was informed that respondent is not required to lodge the entire state court record, only those portions that he considered relevant to contest petitioner's allegations. See Rule 5(c); Doc. No. 47. In his motion for reconsideration and pursuant to the 1976 Advisory Committee Notes, petitioner moves the court for an order requiring respondent to provide the entire record of the state court proceedings. Petitioner is concerned that without the entire record, the court will be unable to adequately examine petitioner's allegations.

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). The Local Rules provide that when filing a motion for reconsideration, a party must show "new or different facts or circumstances claimed to exist which did not exist

or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

Here, petitioner presents no new additional facts or circumstances justifying reconsideration. Petitioner's concern that the court is unable to analyze his claims without the entire record is well-taken, but at this stage in these proceedings, premature. At this procedural posture, the court is not in a position to consider the merits of the petition pending before it and, thus, is not in a position to determine which lodgments are or are not relevant. Moreover, the court has reviewed the lodgments filed by respondent with his answer and the nearly 2000 pages filed by petitioner with his petition. The court notes that there is significant overlap in terms of the portions of the record that petitioner seeks to have lodged by respondent and those already filed by petitioner.

Therefore, the motion for reconsideration will be denied. The court will, however, require strict compliance with Rule 5. Thus, respondent shall submit within fourteen days of this date of this order a list of available transcripts of pretrial, trial, sentencing or post-conviction proceedings; a list of proceedings that were recorded but not transcribed; and all briefs on appeal and opinions, if he has not done so already. Furthermore, if, upon consideration of the merits of the petition, the court deems that additional transcripts or records are necessary, it will order that respondent lodge them forthwith.

B.      Photocopies of Lodged Record

As to the second question pending before the court, petitioner was informed on February 10, 2011 that there is no constitutional or statutory right to a free copy of the state court record on collateral review. Petitioner nonetheless filed a second motion for a photocopy of the entire record

In his motion for reconsideration, petitioner argues that he is entitled to service at respondent's expense of all documents and exhibits lodged with respondent's answer. Alternatively, petitioner argues that he is entitled to photocopies pursuant to 28 U.S.C. § 2250.

1. Service by Respondent

Initially, the court must determine whether respondent is required to serve on petitioner a copy of the lodged documents. In support of his argument that respondent is so required, petitioner cites to numerous rules, including Rules 5 and 11 of the Rules Governing Section 2254 Cases; Federal Rules of Civil Procedure 5(a)(1)(B) and 12(a)(1)(B); and Local Rules 135(c) and (d). None of these rules, however, support petitioner's argument that he is entitled to a copy of the lodged record. Instead, they state only that respondent "shall attach to the answer parts of the transcript that the respondent considers relevant," Rule 5(c); that "a pleading filed after the original complaint" "must be served on every party," Fed. R. Civ. P. 5(a)(1)(B); that "an answer to a counterclaim or crossclaim [must be served] within 21 days after being served with the pleading that states the counterclaim or crossclaim," Fed. R. Civ. P. 12(a)(1)(B); and that "all documents submitted to the Court shall be served upon all parties to the action," Local Rule 135(d) with reference to Fed. R. Civ. P. 5(a).

The gravaman of plaintiff's argument is that the lodged documents should be construed as incorporated into the answer, thus necessitating service by respondent upon petitioner. Petitioner relies on case law from the Third and Fourth Circuits to argue that the entire record, including the answer, should be served upon him. See Thompson v. Greene, 427 F.3d 263 (4th Cir. 2005); Pindale v. Nunn, 248 F. Supp. 2d 361 (D.N.J. 2003). The Fifth Circuit reached the same conclusion, limited by the caveat the respondent is only required to serve on petitioner lodgments and exhibits that are, in fact, attached to and/or filed with the answer. See Sixta v. Thaler, 615 F.3d 569 (5th Cir. 2010). According to Sixta, if lodgments are not filed at the same time as an answer, then it cannot be said that they are incorporated into the answer.

The court is unpersuaded. While Thompson and Pindale both relied on the Federal Rules of Civil Procedure to reach their conclusion, the court notes that pursuant to Rule 12 of the Rules Governing Section 2254 Cases, the Federal Rules of Civil Procedure "may be applied" to a habeas proceeding. As noted by Taylor v. McNeil, 2008 WL 5235113, *1 (M.D.

Fla. 2008), this is a permissive rather than mandatory rule. Additionally, petitioner has not argued that he is in need of these records. See LaVoy v. Snedeker, 2004 WL 3777536 (D.N.M. 2004) (finding that the habeas rules did not require respondent to serve state court record absent the requisite demonstration of need). In fact, review of the nearly 2000-page petition reveals that petitioner has in his possession multiple documents that he seeks to have served upon him.

Accordingly, petitioner's request that respondent serve the record on petitioner – whether in its entirety or merely those that have been lodged will be denied.

2. Service by Clerk of the Court

Alternatively, petitioner relies on Townsend v. Sain, 372 U.S. 293 (1963), overruled on other grounds, Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992), and United States v. Connors, 904 F.2d 535 (9th Cir. 1990), for the proposition that he is entitled to copies of the record pursuant to 28 U.S.C. § 2250.

Section 2250 provides:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

An indigent prisoner proceeding on a habeas petition is entitled to receive at government expense copies of court documents under 28 U.S.C. § 2250. United States v. Connors, 904 F.2d 535, 536 (9th Cir. 1990). The record here establishes that petitioner was granted in forma pauperis status on January 15, 2010.

Under long-established precedent, however, the matter of what, if any, copies should be provided to an indigent habeas petitioner on a Section 2250 request rests within the discretion of the judge presiding in the case. See McElroy v. Henry, 1997 WL 703703, *3 (N.D. Cal. 1997) (citing Chessman v. Teets, 239 F.2d 205, 214 (9th Cir. 1956)). The person seeking copies must set forth sufficient information to enable a determination of the necessity for the copies. E.g., United States v. Newsome, 257 F. Supp. 201, 203 (N.D. Ga. 1966). "A blanket and

noncommittal request for copies is insufficient to enable the court to make a determination of necessity." Cassidy v. United States, 304 F. Supp. 864, 867 (E.D. Mo. 1969). "The obvious reason for this . . . is because only the Judge of the Court before whom a proceeding is pending is in a position to determine whether it is necessary to impose such a burden upon the Clerk of a Court of the United States and, if so, to limit the copies to be furnished to those records which are pertinent to the issues presented in the case." United States v. Hoskins, 85 F. Supp. 313 (D.C. Ky. 1949).

Here, petitioner's bald assertion that he is entitled to photocopies is insufficient to enable a determination of the necessity for the copies.   Petitioner makes no showing of necessity. As such, petitioner's request under 28 U.S.C. § 2250 will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's February 15, 2011 motion for order directing the Clerk of the Court to furnish certified copies of respondent's answer to petitioner is denied.

2. Petitioner's February 23, 2011 motion for reconsideration is denied;

3. Respondent shall submit within fourteen days of this date of this order a list of available transcripts of pretrial, trial, sentencing or post-conviction proceedings; a list of proceedings that were recorded but not transcribed; and all briefs on appeal and opinions, if he has not done so already; and

4. Petitioner's March 8, 2011 motion for an extension of time is denied. Petitioner shall submit a traverse within 30 days from the date of this order.

DATED: June 10, 2011.

UNITED STATES MAGISTRATE JUDGE

/014.foss3551.jo